```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

GREGORY G. SAMPLES,            :
                               :
       Plaintiff,              :       NO. 1:07-CV-00247
                               :
  v.                           :
                               :       **OPINION AND ORDER**
MICHAEL J. ASTRUE,             :
COMMISSIONER OF SOCIAL         :
SECURITY,                      :
                               :
       Defendant.              :

This matter is before the Court on the Magistrate Judge's June 5, 2008 Report and Recommendation (doc. 13), and Defendant's Objections (doc. 14). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DISMISSES this case from the Court's docket.

**I. Background**

Plaintiff filed this action on March 28, 2007, seeking a judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's application for a period of disability and Disability Insurance Benefits ("DIB") (doc. 1). Plaintiff filed an application for DIB on July 23, 2003, alleging he had become unable to work on August 8, 2002 due to back and neck pain and depression (doc. 13). Plaintiff's application for DIB was denied throughout the administrative process, and he obtained two de novo hearings before an administrative law judge ("ALJ") (Id.). At the hearings,

a Vocational Expert ("VE"), a medical expert, and Plaintiff testified (Id.).

The ALJ denied Plaintiff's application in June 2006, finding Plaintiff could perform a significant number of jobs in the national economy (Id.). Plaintiff appealed to the Appeals Council, which denied the appeal and therefore made the ALJ's decision the final decision of the Commissioner (Id.).

In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings, the medical evidence in the record, the hearing testimony, and Plaintiff's Statements of Error, concluding that the record clearly establishes disability in this matter (Id.). The Magistrate Judge found that both examining physicians, as well as his treating physician Dr. Merchant, agreed that Plaintiff will miss at least three days per month because of his impairments and the required treatment (Id.). Based on this, the Magistrate Judge noted the VE testified that Plaintiff would be unemployable (Id.). Accordingly, the Magistrate Judge found the record adequately establishes Plaintiff's entitlement to benefits, and because there is no significant evidence to the contrary, this matter should be remanded for an award of benefits (Id. citing Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994); Newkirk v. Shalala, 25 F.3d 316, 318 (6th Cir. 1994); Faucher v. Secretary of HHS, 17 F.3d 171, 176 (6th Cir. 1994)). Defendant filed its Objections on June 27, 2008 (doc. 14), so that this matter is now

ripe for the Court's review.

**II. Discussion**

The Court reviews this matter de novo because Defendant filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993).

3

The claimant has the burden of proving by sufficient evidence that he is entitled to DIB. 20 C.F.R. § 404.1512(a). To show that claimant is entitled to DIB, he must be under 65 years old, have filed an application for DIB, and be under a disability. 42 U.S.C. § 423(a)(1). The only issue in this case is whether Plaintiff is disabled, as defined in Section 423(d). Plaintiff must show that, during the relevant time period, he suffered impairment expected to last at least twelve months, which rendered him unable to perform either the work previously done by her or any other work considered substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2).

**A.    The Magistrate Judge's Report and Recommendation (doc. 9)**

In the Report and Recommendation the Magistrate Judge thoroughly reviewed the medical evidence in the record, including Plaintiff's hearing testimony (doc. 13). The Magistrate Judge then reviewed Plaintiff's four assignments of error, 1) that the ALJ erred by failing to afford controlling weight to Plaintiff's treating mental health physicians, 2) that the ALJ erred by affording too much weight to the opinion of the non-examining expert regarding the severity of Plaintiff's impairments and too little weight to the opinions of Plaintiff's examining and treating physicians, 3) that the ALJ gave inadequate consideration to Plaintiff's subjective reports of pain, and 4) that the ALJ erred by relying on an improper hypothetical question to the VE (Id.).

4

The Magistrate Judge rejected Plaintiff's first assignment of error, finding the ALJ was not required to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Merchant, because her opinion was inconsistent with the opinions of other medical professionals and unsupported by any testing (Id.).

The Magistrate Judge similarly rejected Plaintiff's second assignment of error, finding the opinions of the physicians not greatly divergent, except for the fact that both examining physicians stated Plaintiff would not be able to work three days a month due to his symptoms and the required treatment (Id.). Such work limitation, opined the Magistrate Judge, was not at all addressed by the non-examining expert (Id.). To the extent that the ALJ afforded great weight to an inference from the non-examining expert that Plaintiff was employable and would not miss three days per month, the Magistrate Judge concluded the ALJ committed error (Id.).

As for Plaintiff's third assignment of error, the Magistrate Judge found the ALJ's determination regarding Plaintiff's subjective pain supported by Plaintiff's statements to his physicians, Plaintiff's capacity to perform certain activities, and the objective medical evidence (Id.). As such, the Magistrate Judge rejected such assignment of error (Id.).

The Magistrate Judge found Plaintiff's last statement of error supported by the fact that evidence established Plaintiff

5

would miss three days of work per month due to his impairments and required treatment (Id.). The Magistrate Judge found such fact should have been included in the hypothetical question to the VE, who based on such fact conceded that Plaintiff would be unemployable (Id.). Accordingly, the Magistrate Judge found disability clearly established, and recommended the Court remand this matter for an award of benefits (Id.).

**B.   Defendant's Objection**

Defendant argues first that to the extent the Magistrate Judge was concerned about the silence of the medical expert regarding the three-day-a-month limitation, the appropriate remedy would be remand for further proceedings as opposed to an outright award of benefits (doc. 14). Defendant further argues that Plaintiff's counsel had ample opportunity to question the medical expert about the issue, but did not (Id.).

**C.   Analysis**

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 13), and denies Defendant's Objections (doc. 14).

The Court agrees that the record establishes disability in this matter, because both examining physicians agreed Plaintiff

6

would miss at least three days a month because of his impairments and the treatment required. Based on such limitation, the vocational expert testified that Plaintiff would be unemployable.

The Court does not find Defendant's position well-taken that the burden was on Plaintiff's counsel to cross examine the medical expert regarding his client's inability to work three days a month. Counsel for the Commissioner was capable of posing such questions of the expert.

The record adequately establishes Plaintiff's entitlement to benefits and the record is devoid of significant evidence to the contrary. Accordingly, this matter should be remanded for an award of benefits. Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994); Newkirk v. Shalala, 25 F.3d 316, 318 (6th Cir. 1994); Faucher v. Secretary of HHS, 17 F.3d 171, 176 (6th Cir. 1994).

### III. Conclusion

The Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 13), REVERSES this case pursuant to Sentence Four of 42 U.S.C. § 405(g), and REMANDS this case for an award of benefits.

SO ORDERED.

Date: September 17, 2008 /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge