```
UNITED STATES DISTRICT COURT
  SOUTHERN DISTRICT OF OHIO
      WESTERN DISTRICT
```

GREGORY SAMPLES,              :
                              :
    Plaintiff,                :
                              :    NO. 1:07-CV-00247
    v.                        :
                              :
MICHAEL J. ASTRUE,            :    **OPINION AND ORDER**
COMMISSIONER OF               :
SOCIAL SECURITY,              :
                              :
    Defendant.                :

This matter is before the Court on Plaintiff's Application for Fees and Expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (doc. 17), to which the government filed a Response in Opposition (doc. 18). For the reasons indicated herein, the Court DENIES Plaintiff's Application.

**I. Background**

On September 17, 2008, the Court affirmed the Report and Recommendation of the Magistrate Judge (doc. 13) which concluded that the Administrative Law Judge ("ALJ") of the Social Security Administration erred in evaluating Plaintiff's application for Disability Insurance Benefits ("DIB") (doc. 15). In reaching its decision the Court accepted one of Plaintiff's four assignments of error: that the ALJ based his decision on an improper hypothetical question to a Vocational Expert (Id.). Specifically, the Court ruled that the ALJ failed to account for the fact that Plaintiff's impairments, along with the required treatment, caused him to miss

three days of work per month and therefore Plaintiff was unemployable (Id.). The Court concluded that substantial evidence did not support Defendant's decision denying Plaintiff DIB, and remanded the matter to Defendant for award of benefits pursuant to 42 U.S.C. § 405(g) (Id.). Plaintiff now brings the present motion, seeking attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. 17). Plaintiff requests an award of $3,830.00 in fees, representing 21.75 hours of work at a rate of $160.00 per hour, and $350.00 in costs and expenses (Id.).

**II. Analysis**

The EAJA allows prevailing parties to recover attorney's fees from the government. 28 U.S.C. § 2412. To obtain attorney's fees a prevailing party must submit, within thirty days of final judgment, an application for fees and other expenses which shows: (1) that the party was a prevailing party; (2) that the party was eligible to receive attorney's fees; (3) the amount sought, including an itemized statement detailing the actual time expended and the rate at which fees and other expenses were computed; and (4) that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

Plaintiff filed, within thirty days of final judgment, an application establishing that he was the prevailing party and that his net worth satisfied the requirements of EAJA (doc. 17).

Plaintiff's application includes a detailed description of his attorney's time and the applicable rate (Id.).

Plaintiff also alleges that Defendant was not substantially justified in its position (Id.). Plaintiff emphasizes that "substantially justified" means that the government must show its position was justified both in fact and law to a degree that could satisfy a reasonable person (Id., citing Pierce v. Underwood, 467 U.S. 552, 565 (1988)). Plaintiff argues the Court's earlier ruling--that Defendant's non-disability determination was not supported by substantial evidence--satisfied the EAJA's requirement that Defendant did not have substantial justification for its position (Id.).

Defendant responds that the "substantial evidence" standard applied in the Court's earlier ruling is distinct from the "substantial justification" standard at issue here (doc. 18, citing Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir. 1989)). Defendant further argues that the government may have a substantially justified position even though it was ultimately unsuccessful on the merits (doc. 18, citing Jankovich v. Bowen, 868 F.2d 867, 870 (6th Cir. 1989).

As for the merits of the case, Defendant notes that the Court earlier rejected three of Plaintiff's four assignments of error (doc. 18). Defendant argues that the Court's rejection of these errors demonstrates a substantial justification for

3

Defendant's position (Id.). Furthermore, Defendant argues, the Court's acceptance of Plaintiff's fourth assignment of error did not render the government's position unjustified (Id.). Defendant points out that although the Court reached a different conclusion, Defendant based its determination on the opinion of a medical expert familiar with the record (Id.).

The Court finds Defendant's argument persuasive. The substantial justification standard required by the EAJA is not the same as the substantial evidence standard applicable to Plaintiff's DIB claim. The government satisfies its burden under the EAJA when it shows that there was a "genuine dispute" or that "reasonable people could differ as to the appropriateness of the contested action." Pierce, 487 U.S. at 565. Defendant's position, though incorrect on the merits, had a reasonable basis in law and fact, and therefore was substantially justified under the EAJA. Jankovich, 868 F.2d 867, 870. A reversal of the ALJ's decision is not enough, alone, to qualify for an award of attorney's fees. Accordingly, Plaintiff's Application for Fees and Expenses must be denied.

**III. Conclusion**

Having reviewed this matter, the Court finds that the government had a substantial justification for its position in this case. Accordingly, the Court DENIES Plaintiff's Application for Fees and Expenses Pursuant to the Equal Access to Justice Act, 28

4

U.S.C. §2412(d), (doc. 19).

SO ORDERED.


Dated: February 27, 2009          /s/ S. Arthur Spiegel

                                  S. Arthur Spiegel
                                  United States Senior District Judge